UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND WITHERSPOON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MR. BIGLYN,<br><br>　　　　　　　　　　　Defendant. | **Civil Action No. 14-5455 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

　　This matter comes before the Court on the application filed by Plaintiff Desmond Witherspoon ("Plaintiff" or "Witherspoon") to proceed in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

　　At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> 　　(A) the allegation of poverty is untrue; or

2

      (B) the action or appeal –

          (i)     is frivolous or malicious;

          (ii)    fails to state a claim on which relief may be granted; or

          (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

      The Complaint alleges that Defendant, identified only as "Mr. Biglyn of the State of New Jersey Department of Labor" had "nothing to do with [Witherspoon's] case with the department of labor and he's calling my phone leaving messages." Plaintiff further alleges that he has already discussed his case with the "proper personnel" and that it has concluded. No further factual allegations are made.

      The Complaint fails to state a claim on which relief may be granted and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

      Plaintiff appears to assert a claim for relief under 42 U.S.C. § 1983 based on a violation of his constitutional right to privacy. To state a § 1983 claim, a plaintiff must plead that (1)

defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  West v. Atkins, 487 U.S. 42, 48 (1988). Under the Due Process Clause of the Fourteenth Amendment, an individual has a right to privacy which includes and protects the individual's interest "in avoiding disclosure of personal matters" and his "independence in making certain kinds of important decisions."  Whalen v. Roe, 429 U.S. 589, 599 (1977).  Plaintiff, however, alleges no facts which would allow the Court to draw the reasonable inference that Mr. Biglyn disclosed personal matters regarding Witherspoon or interfered with Witherspoon's autonomy in making decisions on important matters.

    For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order will be filed.


      s/Stanley R. Chesler  
    STANLEY R. CHESLER  
    United States District Judge

Dated: September 4, 2014